IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WESLEY C. TOLLIVER,

     Plaintiff,

v.                                                      Civil Action No.: 3:14Cv192

FED EX FREIGHT, INC.,
**SERVE:**    **Registered Agent**
           **CT Corporation System**
           **4701 Cox Road, Suite 285**
           **Glen Allen, VA  23060**

     Defendant.

**JURY TRIAL
DEMANDED**

## COMPLAINT

The plaintiff Wesley C. Tolliver (Mr. Tolliver"), by counsel, and for his Complaint against the defendant Fed Ex Freight, Inc. ("Fed Ex"), represents unto the Court as follows:

### INTRODUCTION

Mr. Tolliver brings this civil action against his former employer alleging race and age discrimination and retaliatory discharge for complaining of race and age discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 and 3; the Civil Rights Act of 1866, 42 U.S.C. § 1981; and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq.

### JURISDICTION

1. Jurisdiction over Mr. Tolliver's federal claims is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.  § 1343(3) (violation of civil rights).  Venue is proper in this District and Division, as it is the situs of the parties and of the events complained of herein.

FILED

MAR 1 8 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## THE PARTIES

2. Mr. Tolliver is an African-American male residing in Hanover County, Virginia.

3. Fed Ex is believed to be a corporation duly organized in one of the United States. It provides heavyweight, less-than-truckload freight shipping services in the eastern United States, and is headquartered in Harrison, Arkansas. Mr. Tolliver was employed at Fed ex's Richmond-area facility located at 13301 Grover Court, Chester, Virginia 23836. At all times during the events complained of herein, Fed Ex employed a sufficient number of individuals to be deemed a "respondent" as understood under 42 U.S.C. § 1981a(b)(3), and an "employer" as understood under 29 U.S.C. § 630(b) of the ADEA.

## ALLEGATIONS COMMON TO ALL COUNTS

4. Mr. Tolliver commenced employment with Fed Ex on June 21, 2010 as a city truck driver and a line haul driver. Mr. Tolliver had more than 20 years' experience in the trucking industry, and his work record demonstrated that he was performing his job duties in a satisfactory manner.

5. In September of 2011, Mr. Tolliver sustained a work-related injury and took a medical leave of absence, returning on November 1, 2011. After returning to work, Mr. Tolliver floated among various jobs. Unlike other employees who had a single job duty and received training for that particular job, Mr. Tolliver was not trained for any of the jobs among which he floated.

6. Sometime during 2011, Kevin Usilton was hired by Fed Ex as a new Operations Manager for the Chester terminal. Mr. Usilton is a white male, believed to be at the time to be in his mid-20s in terms of age. While Mr. Tolliver had an exemplary work record before Mr. Usilton's arrival, afterward Mr. Tolliver received many written notices for supposed mistakes

and poor performance. Several of the performance notices were for mistakes that when committed by white employees or younger employees, resulted in no discipline against them.

7. Mr. Tolliver eventually complained to Kim Cannon in Fed Ex's human resources department that Usilton was engaging in and discrimination and harassment against him, motivated by racial animus and age bias. Ms. Cannon informed Mr. Tolliver that she would take care of the situation. For the remaining six months duration of her employment with Fed Ex, no performance notices were issued against Mr. Tolliver.

8. Mr. Tolliver sustained a work-related injury in September of 2011 and was on medical leave for two months. Upon his return in November of 2011, Fed Ex introduced a new handheld package handling device. Mr. Tolliver missed training for operating the device, and despite repeated requests of Usilton, no training was offered him. Mr. Tolliver training himself as best he could, and asked others for guidance.

9. After Kim Cannon left Fed Ex's human resources department, Usilton resumed issuing employee discipline action statements against Mr. Tolliver noting supposed mistakes and poor performance. Several such notices concerned mistakes with the aforementioned handheld package tracking devices for which Mr. Tolliver was not trained. When Mr. Tolliver once more asked Usilton for training on using the device, Usilton replied simply that he didn't understand the device himself.

10. It appeared to Mr. Tolliver that Usilton was padding the number of corrective action notices against him, sometimes issuing multiple notices for the same offense, and once issuing three notices in the course of the same day.

3

11. In mid-December 2012, Mr. Tolliver was issued a corrective action form for mishandling hazardous materials, and suspended five days without pay. Mr. Tolliver objected to the action because the policy was not to become effective until the following month.

12. Accordingly, Mr. Tolliver against approached Adrian Prentice in Fed Ex's human resources department and complained that Usilton was issuing complaints against him that were not issued for the same mistaken committed by white employees or younger employees. Mr. Tolliver explained that ever since Usilton's arrival as Operations Manager at Fed Ex, he had not given Mr. Tolliver a fair chance to perform his job, and that he appeared to be motivated by racial bias against his black race and his age.

13. After receiving no assistance from Fed Ex's human resources department regarding his assertions of race and age discrimination, he contacted the U.S. Equal Employment Opportunity Commission.

14. On February 8, 2013, Usilton once again issued a corrective action form for a mistake Mr. Tolliver supposedly made with the handheld device, and terminated his employment.

15. Upon information and belief, Mr. Tolliver's employment with Fed Ex was terminated on account of racial bias on the part of Fed Ex's Operations Manager, Kevin Usilton, on account of bias against older individuals, and in retaliation for complaining to the company's human resources department that Usilton was engaging in race and age discrimination against Mr. Tolliver.

16. Mr. Tolliver exhausted the remedies available to him by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on March

4

5, 2013 alleging race, color, age and disability discrimination. Ms. McCray received a Notice of Right to Sue (Issued on Request) from the EEOC dated March 10, 2014.

17. As a direct result of being discharged from his employment with Fed Ex, Mr. Tolliver has suffered and will continue to suffer lost earnings, loss of employment-related benefits, injury to his professional reputation, diminished opportunity for promotion and career advancement , emotional distress, and public humiliation and embarrassment.

## COUNT I
### RACE DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-2

18. By terminating Mr. Tolliver from his employment, as described herein, Fed Ex subjected him to discrimination in the terms and conditions of his employment on account of his black race, in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

19. Mr. Tolliver's injuries under this Count entitle him to reinstatement to his former position, to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) injury to his future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

## COUNT II
### RETALIAITON IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-3

20. By terminating Mr. Tolliver from his employment in direct response to his complaining of race discrimination, as described herein, Fed Ex retaliated against him for engaging in a protected activity, in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

5

21. Mr. Tolliver's injuries under this Count entitle him to reinstatement to his former position, to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) injury to his future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

COUNT III
RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

22. By terminating Mr. Tolliver from his employment, as described herein, Fed Ex subjected him to discrimination in the terms and conditions of his employment on account of his black race, in violation of his rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

23. Mr. Tolliver's injuries under this Count entitle him to reinstatement to his former position, an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional reputation; (c) injury to his future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

COUNT IV
RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

24. By terminating Mr. Tolliver from his employment in direct response to his complaining of race discrimination, as described herein, Fed Ex retaliated against him for engaging in a protected activity, in violation of his rights under the Civil Rights Act of 1866, 42 U.S.C. § 1981.

25. Mr. Tolliver's injuries under this Count entitle him to reinstatement to his former position, to an award for (a) loss of past and future earnings, including fringe benefits; (b) humiliation, pain and suffering, emotional distress, and loss of personal and professional

6

reputation; (c) injury to his future career; (d) punitive damages; (e) attorney's fees under 42 U.S.C. § 1988; and (f) costs of suit.

COUNT V<br>AGE DISCRIMINATION IN VIOLATION OF ADEA, 29 U.S.C. § 621

26. By discharging Mr. Tolliver as described herein, he was subjected to discrimination in the terms and conditions of his employment on account of his age, in violation of his rights under the Age Discrimination in Employment Act, ADEA, 29 U.S.C. § 621.

27. Mr. Tolliver's injuries under this Count entitle him to reinstatement to his former position, and an award for (a) loss of past and future earnings, including fringe benefits; (b) liquidated damages for willful violation of the ADEA equal to his lost salary, benefits and other compensation; (c) attorney's fees under 29 U.S.C. § 626(b); and (d) costs of suit.

WHEREFORE, the plaintiff Wesley C. Tolliver demands judgment against the defendant Fed Ex Freight East, Inc. in the amount of ONE MILLION DOLLARS ($1,000,000.00) in compensatory and punitive damages, liquidated damages, interest, attorney's fees and costs of suit; plus reinstatement and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

WESLEY C. TOLLIVER

By: _____
Counsel

Scott Gregory Crowley (VSB # 31216)
CROWLEY & CROWLEY
Overlook II Building
4870 Sadler Road, Suite 300
Glen Allen, VA 23060
(804) 205-5010
(804) 205-5001 (fax)
E-mail: scrowley@crowleyandcrowley.com
Counsel for plaintiff

7