**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| WESLEY C. TOLLIVER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO. 3:14-CV-192** |
| | ) | |
| FEDEX FREIGHT, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT FEDEX FREIGHT, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant FedEx Freight, Inc. (hereinafter "FedEx Freight"), by its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12, files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states and alleges the following:

**INTRODUCTION**

FedEx Freight denies any allegations contained in the non-numbered paragraph appearing under the heading "Introduction." Specifically, FedEx Freight denies any allegations that FedEx Freight breached any legal and/or constitutional duty allegedly owed to Plaintiff.

**JURISDICTION**

1. FedEx Freight states that the allegations contained in Paragraph 1 of the Amended Complaint are conclusions of law to which no response is necessary. To the extent that a response is required of FedEx Freight, the allegations are denied.

**THE PARTIES**

2. FedEx Freight admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    FedEx Freight admits that it is a corporation organized under the laws of the State of Arkansas. FedEx Freight further admits that it is headquartered in Harrison, Arkansas. FedEx Freight further admits that it provides freight shipping services throughout the eastern United States and beyond. FedEx Freight further admits that Plaintiff was formerly employed by FedEx Freight at its facility located in Chesterfield County, Virginia. To the extent that the allegations contained in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law, FedEx Freight states that no response is deemed required. FedEx Freight denies all remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

4.    FedEx Freight admits that Plaintiff commenced employment with FedEx Freight on June 21, 2010. FedEx Freight denies all remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    FedEx Freight admits that Plaintiff suffered an MCL sprain on September 11, 2011. FedEx Freight further admits that Plaintiff requested and was granted FMLA leave, from which he returned on November 1, 2011. FedEx Freight denies all remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    FedEx Freight admits that Kevin Usilton was hired by FedEx Freight on October 24, 2005 as an Operations Manager at its Chesterfield, Virginia facility. FedEx Freight further admits that Kevin Usilton is a white male, currently 29 years of age. FedEx Freight denies all remaining allegations contained in Paragraph 6 of Plaintiff's complaint.

7.    FedEx Freight denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. FedEx Freight admits that Plaintiff suffered an MCL sprain on September 11, 2011. FedEx Freight further admits that Plaintiff requested and was granted FMLA leave, from which he initially returned on November 1, 2011. FedEx Freight further admits that, during fall 2011, FedEx Freight implemented software upgrades for the handheld devices then in use. FedEx Freight denies all remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. FedEx Freight admits that Kevin Usilton issued Corrective Action Forms, where appropriate in light of Plaintiff's job performance, at various times during Plaintiff's employment. FedEx Freight denies all remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. FedEx Freight is without sufficient information to admit or deny Plaintiff's allegations concerning his purported interpretation of any alleged acts or occurrences. FedEx Freight therefore denies these allegations. FedEx Freight denies all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. FedEx Freight denies the allegations contained in Paragraph 11 of Plaintiff's Complaint as written. FedEx Freight admits that Plaintiff was issued written corrective action and suspended for five (5) days without pay on or around December 26, 2012, in response to an incident that took place on December 19, 2012 in which Plaintiff failed to verify that all information contained on a Bill of Lading was accurate. FedEx Freight denies all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. FedEx Freight admits that, during December, 2012, Plaintiff complained about FedEx Freight management, and in particular Kevin Usilton, to Adrian Prentiss. FedEx Freight denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     FedEx Freight denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     FedEx Freight denies the allegations contained within Paragraph 14 of Plaintiff's Complaint as written.  FedEx Freight admits that Plaintiff was terminated from employment with FedEx Freight on February 8, 2013.  FedEx Freight further admits that Plaintiff was given a critical written corrective action on or around February 8, 2013 for incorrectly confirming a particular piece of freight as priority.  FedEx Freight denies all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     FedEx Freight denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     FedEx Freight admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     FedEx Freight denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

**COUNT ONE**
**Race Discrimination in Violation of Title VII, 42 U.S.C. § 2000e-2**

18.     FedEx Freight denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     FedEx Freight denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

**COUNT TWO**
**Retaliation in Violation of Title VII, 42 U.S.C. § 2000e-3**

20.     FedEx Freight denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     FedEx Freight denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT THREE
### Race Discrimination in Violation of 42 U.S.C. § 1981

22.     FedEx Freight denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     FedEx Freight denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT FOUR
### Retaliation in Violation of 42 U.S.C. § 1981

24.     FedEx Freight denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     FedEx Freight denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## COUNT FIVE
### Age Discrimination in Violation of ADEA, 29 U.S.C. § 621

26.     FedEx Freight denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     FedEx Freight denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

28.     With respect to the allegations contained in the unnumbered paragraph following Paragraph 27 of Plaintiff's Complaint, FedEx Freight admits only that Plaintiff demands judgment against FedEx Freight in the amount of $1,000,000 plus reinstatement and other

unstated relief.  FedEx Freight denies the remaining allegations contained in the unnumbered paragraph following Paragraph 27 of Plaintiff's Complaint, and denies that Plaintiff is entitled to the Relief requested, or any relief.

## GENERAL DENIAL

29.     FedEx Freight denies each and every allegation of fact, conclusion of law, or other matter contained in Plaintiff's Complaint not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails, in whole or in part, to allege sufficient facts upon which relief can be granted, and accordingly, must be dismissed.

2.     Plaintiff's claims are time barred, in whole or in part, to the extent they were not presented to the United States Equal Employment Opportunity Commission ("EEOC") in a timely fashion, and to the extent they did not occur within the timeframes prescribed by law.

3.     All employment decisions regarding or affecting Plaintiff were based on legitimate, non-discriminatory, and reasonable business reasons that were in no way related to Plaintiff's age or race.

4.     Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC).

5.     Plaintiff's claims are barred, in whole or in part, to the extent that he has failed to satisfy the administrative prerequisites necessary to asserting such claims.

6.     Plaintiff's damages may be barred, in whole or in part, by the doctrine of after-acquired evidence.

7. Plaintiff's claims are barred, in whole or in part, by the limitation that Plaintiff agreed to in his employment application to bring any claim within 6 months.

8. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by FedEx Freight, Plaintiff has failed to mitigate or minimize the alleged damages.

9. Plaintiff has failed to allege any facts that would support an award of compensatory, liquidated, or consequential damages.

10. FedEx Freight engaged in good faith efforts to comply with the ADEA. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of the ADEA, and therefore, Plaintiff fails to state a claim for liquidated damages.

11. FedEx Freight engaged in good faith efforts to comply with the requirements of Title VII. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of Title VII, and therefore, Plaintiff fails to state a claim for punitive damages.

12. FedEx Freight engaged in good faith efforts to comply with the requirements of 42 U.S.C. § 1981. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of 42 U.S.C. § 1981, and therefore, Plaintiff fails to state a claim for punitive damages.

13. FedEx Freight is not liable for punitive damages because neither FedEx Freight nor any of its employees committed any act with malice or reckless indifference to Plaintiff's

rights as protected by federal, state, or local law, or approved, authorized, or notified, or had actual knowledge of, any such acts.

14. If any improper, illegal, or discriminatory acts were taken by any person against any Plaintiff or potential opt-in, it was outside the course and scope of that employee's employment, contrary to FedEx Freight's policies, and was not ratified, confirmed, or approved by FedEx Freight. Thus, any such actions cannot be attributed or imputed to FedEx Freight.

15. FedEx Freight denies that it violated the ADEA in any manner. Moreover, Plaintiff cannot show by a preponderance of the evidence that age was the "but-for" cause of FedEx Freight's employment decisions regarding the Plaintiff.

16. FedEx Freight denies that it violated 42 U.S.C. § 1981 in any manner. Moreover, Plaintiff cannot show by a preponderance of the evidence that race was the "but-for" cause of FedEx Freight's employment decisions regarding the Plaintiff.

17. FedEx Freight denies that it violated Title VII in any manner. Moreover, Plaintiff cannot show by a preponderance of the evidence that race was the "but-for" cause of FedEx Freight's employment decisions regarding the Plaintiff.

18. At all times relevant to Plaintiff's Complaint, FedEx Freight promulgated and maintained policies and procedures to prevent and correct any alleged illegal discrimination, harassment, or retaliation in the workplace.

19. FedEx Freight intends to rely upon any such other defenses that may become available or apparent during the course of discovery in this case. FedEx Freight expressly reserves the right to amend its answer to assert any and all such defenses.

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses, Defendant FedEx Freight respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, enter judgment in favor of Defendant FedEx Freight, and award Defendant FedEx Freight its attorney's fees and any other relief the Court deems appropriate.

Dated: <u>May 22, 2014</u>                    Respectfully Submitted,

**FEDEX FREIGHT, INC.**

By   /s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia State Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 900
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:   (804) 663-2336
Fax:   (855) 843-1809

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

-9-

I hereby certify that on this 22nd day of May, 2014, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff:

> Scott Gregory Crowley, Esquire
> Virginia State Bar Number 31216
> scrowley@crowleyandcrowley.com
> Overlook II  Building
> 4870 Sadler Road, Suite 300
> Glen Allen, VA 23060
> Tel.:    (804) 205-5010
> Fax.:    (804) 205-5001

*Counsel for Plaintiff*

**FEDEX FREIGHT, INC.**

By____/s/ *Jimmy F. Robinson, Jr.*
Jimmy F. Robinson, Jr., Esquire
Virginia State Bar Number 43622
jimmy.robinson@ogletreedeakins.com
J. Clay Rollins, Esquire
Virginia State Bar Number 84382
clay.rollins@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 900
Riverfront Plaza, West Tower
Richmond, VA  23219
Tel.:    (804) 663-2336
Fax:    (855) 843-1809

*Counsel for Defendant*

17947971.5

-10-